**In re Lawrence GOLDSBY, Debtor.**

**Bankruptcy No. 93–13131.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 18, 1994.

Burl C. Robinette, Cleveland, OH, for debtor.

Sebraien M. Haygood, Carter & Haygood, Cleveland, OH, for trustee.

*MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

In this Chapter 7 matter (Brian A. Bash, The Trustee) seeks the appointment of Eugene E. Curtain (Curtain) of the Herbert E.

Kohn Realty Company to serve as a real estate broker for the purpose of selling certain property of the bankruptcy estate of Lawrence Goldsby (The Debtor).

In support of his motion for authorization to employ Mr. Curtain, the Trustee stated that Curtain was both disinterested and experienced in the matters for which his retention is sought and was also familiar with the property offered for sale. More specifically, if retained, Curtain's professional services would be utilized to accomplish the following: (1) "To represent the Debtor's estate as its selling agent of certain real property ...."; (2) "To provide consulting services and sales assistance to the Debtor's estate ...."; and (3) "To provide such other real estate agent services as may be required from time to time".

In response to inquiry of the Court, the Trustee's counsel, Attorney Sebraien M. Haygood, acknowledged that Mr. Curtain was also employed as a full-time employee of the U.S. District Court for this District. For the following reasons, the motion for authority to appoint said individual is hereby denied.

The Court must determine whether an individual who is employed by the Court in which a bankruptcy case is filed, is eligible to be appointed to provide professional services to a debtor's bankruptcy estate.

■ Section 327(a) of the Bankruptcy Code [11 U.S.C. § 327(a)] provides clear authority for the trustee to employ various professionals, upon court approval, who do not hold or represent an interest adverse to the debtor's estate and who are also "disinterested" persons as that term is defined under § 101(14) of the Bankruptcy Code [11 U.S.C. § 101(14)]. At bar, no challenge was made to Mr. Curtain's professional qualifications, nor was an objection made by any party in interest to his appointment. Notwithstanding, as provided in § 327(a), any appointment of professionals providing services to a bankruptcy estate is made subject to court approval. In brief, it is incumbent upon the Court to independently determine the necessity and propriety of appointing professionals to provide services to the bankruptcy estate.

Under § 101(14), the term "disinterested person" means a person who—

(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason:

■ In the present matter, the language of § 101(14)(E) effectively precludes Curtain's appointment where it allows the consideration of disinterestedness "... for any other reason". On this basis, the Court premises its ruling. Mr. Curtain is a long term employee of the U.S. District Court of this District. Notwithstanding the fact that Mr. Curtain is not employed specifically by the Bankruptcy Court, the fact that the U.S. Bankruptcy Court is an adjunct to the district court provides an ample nexus to deny the appointment. See, 28 U.S.C. § 151.[1] As an employee of a court which is empowered to adjudicate bankruptcy cases and proceedings, a clear conflict of interest is created when an employee of the Court is allowed to also become an employee of the debtor's bankruptcy estate. This point is amplified in the language of 28 U.S.C. § 1334 which gives the district courts both original and exclusive jurisdiction of all cases under Title 11 [11 U.S.C. § 101, et seq.], as well as original but nonexclusive jurisdiction over all civil proceedings arising under Title 11. See, 28 U.S.C. § 1334(a) and (b). Effectively, Title 11 encompasses the Bankruptcy Code. Consequently, an actual conflict would be created if Mr. Curtain was appointed in view of these statutory provisions.

Beyond the statutory basis for denying the appointment, as stated above, another basis for denial exists. Where an appearance of an impropriety would manifest itself, an appointment of a professional should be denied where to do otherwise would cause the integ-

---

1. 28 U.S.C. 151. "Designation of Bankruptcy Courts.
In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district...."

rity of the Court to be questioned seriously. *Accord, In re Lee Way Holding Co.*, 100 B.R. 950, 961 (Bankr.S.D.Ohio 1989). In the matter at hand, the public would be afforded fair reason to question the judgment or integrity of a court that would countenance the employment of its own employees in cases on which the Court is obliged to adjudicate. Further, the canons of ethics clearly proscribe such conduct. See, Code of Judicial Conduct, Canon 2; Code of Professional Responsibility, Canon 9.

Accordingly, the Trustee's Motion For Authority To Employ Real Estate Broker is hereby denied.

IT IS SO ORDERED.